Per Curiam.

Section 2.00 of the Troy City Charter provides that in the event of the death of any city councilman, the vacancy thereby created shall be filled by the vote of the remaining members of the council and, in the event of a tie vote, the City Judge of the City of Troy shall cast the deciding vote. Prior to a special meeting of the city council called for the purpose of filling a vacancy created by the death of the Mayor, a member of the council, petitioners commenced this article 78 proceeding by order to show cause, challenging the validity of the afore-mentioned provision of the Troy City Charter, and obtained a temporary restraining order prohibiting respondent City Judge from exercising the authority conferred upon him by section 2.00 of the Troy City Charter. A tie vote occurred at the meeting and respondent City Judge, under compulsion of the restraining order, did not cast the tie breaking vote. Following a hearing in the article 78 proceeding, Supreme Court held that section 2.00 was unconstitutional, reasoning that the power therein conferred upon the City Judge was not "in aid or furtherance of judicial duties” and was not "connected with a judicial purpose”.
We reverse and hold that the challenged section of the Troy City Charter is valid and constitutional. Article IX (§1, subd [b]) of the New York State Constitution provides that: "All officers of every local government whose election or appointment is not provided for by the constitution shall be elected by the people of the local government, or of some division thereof, or appointed by such officers of the local government as may be provided by law” (emphasis added).
We begin, therefore, with the premise that the State Constitution vests local government with the right to confer upon their officers the authority to appoint other officers of local government. Indeed, the parties are in full agreement that the city council validly possesses the authority, by virtue of the city charter, to fill a vacancy in its own number. A City Judge is, of course, an "officer of local government” and thus may be given the power provided for in the Constitution. Section 20 of article VI of the Constitution, which prohibits certain judicial officers from holding "any other public office or trust” (with exceptions not relevant here) does not abrogate or supersede section 1 of article IX since the former provision applies only to Judges of the Court of Appeals, Supreme Court, Court of Claims, County Court, Surrogate’s Court, Family Court and *782 courts for the City of New York. It places no restrictions on City Court Judges outside of the City of New York. Thus, Matter of Richardson (247 NY 401) is distinguishable because in that case extrajudicial duties were thrust upon a Supreme Court Justice by the State Legislature in violation of the express provision in section 19 of article VI of the Constitution (the predecessor to art VI, § 20) that a Supreme Court Justice and Judges of certain constitutional courts could not hold "any other public office or trust”.
Here, there is no attempt to transform the City Court Judge into an investigative or administrative arm of the executive (cf. Matter of Richardson, supra, p 411) or thrust upon him burdensome duties which would interfere with the performance of his judicial function under applicable statutes, or would violate any constitutional prohibition as with Judges of higher courts. Rather, we have an emergency provision operative only in the limited instance and fully discharged in a single act of short duration, in which members of the city council cannot agree on a candidate to fill a vacancy in their number. Should such a procedure be deemed unwise, as well it might, or if there be dissatisfaction with the method chosen by the City of Troy to resolve such a deadlock, it is for others, and not the courts, to legislate change.
Accordingly, the judgment of Supreme Court, Rensselaer County, is reversed, and section 2.00 of the Troy City Charter is declared to be constitutional.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Judgment reversed, without costs, and section 2.00 of the Troy City Charter declared to be constitutional.